IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00164-MSD-RJKVAED |
| ) | |
| LISA PETRONE ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO RULE 55(b)(2)**

COMES NOW Plaintiff WELLS FARGO BANK, N.A., ("Wells Fargo"), by and through its undersigned attorneys, pursuant to Fed. R. Civ. P. 55(b)(2) and requests that the Clerk enter the default judgment against Defendant Lisa Petrone ("Ms. Petrone" or "Defendant") and in support thereof, states as follows:[1]

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of Ms. Petrone's overdrawn checking account at Wells Fargo, which has caused a loss to Wells Fargo in the principal amount of $128,170.00.  *See* Affidavit of Anita Parks, attached hereto as **Exhibit 1.**

On or about May 8, 2001, Ms. Petrone opened a Wells Fargo Custom Management Checking Account with account number ending in 1244 (the "Checking Account").  On or about December 23, 2020, Ms. Petrone deposited a check in the amount of $147,600 ("the Check") into the Checking Account.  The Check was issued from an account at SunTrust Bank ("SunTrust") purportedly owned by CARE INC.  *See* Exhibit A to the Complaint [Dkt. No. 1].

---

[1] Pursuant to Local Rule 7(F)(2) parties need not file a brief in support of a motion for default judgment.

In a series of subsequent transactions, Ms. Petrone proceeded to transfer, withdraw or otherwise use almost all of the Check proceeds, including but not limited to purchasing a $136,000 cashier's check made payable to a "Judy M. Sison." Accordingly, when the Check was returned unpaid by SunTrust on or about December 24, 2020, the Checking Account became overdrawn.

As a result of Ms. Petrone's actions, Wells Fargo has incurred a principal loss of $128,170.00 (the "Overdraft Loss"), inclusive of all account fees charged and credits made to Ms. Petrone. Despite Well Fargo's demands, Ms. Petrone has failed to reimburse Wells Fargo for the Overdraft Loss.

At all times material hereto, the Checking Account was governed by the Wells Fargo Deposit Agreement, effective November 9, 2020 (the "Account Agreement"), between Wells Fargo and Ms. Petrone. *See* Exhibit B to the Complaint [Dkt. No. 1]. Pursuant to the Account Agreement, Ms. Petrone is required to deposit sufficient funds to cover all debits, withdrawals, overdrafts and service charges by Ms. Petrone. By failing to deposit sufficient funds to cover any overdraft and services charges in the Checking Account, Ms. Petrone is in breach of the Account Agreement.

Pursuant to the terms of the Account Agreement, Wells Fargo is entitled to recover its reasonable attorneys' fees and costs against Ms. Petrone incurred in bringing this action. Wells Fargo has retained undersigned counsel and is obligated to pay them a reasonable fee for services rendered. All conditions precedent to this action have been satisfied, occurred or have otherwise been waived.

On April 21, 2022, Wells Fargo filed a Complaint for breach of contract and unjust enrichment (in the alternative) against Defendant. Summons was issued by this Court on April

21, 2022. [Dkt. No. 3]. Defendant was served with process on May 4, 2022, by posting a copy of the Summons, Procedure for Civil Motions, Complaint with Exhibits A and B, and Civil Cover Sheet on the front door of Defendant's abode. *See* Affidavit of Service dated, May 6, 2022 [Dkt. No. 5]. A copy of the Summons, Procedure for Civil Motions, Complaint with Exhibits A and B, and Civil Cover Sheet were also served on Defendant by United States Postal Service (USPS) certified mail on May 3, 2022.

Defendant failed to answer or respond to the Complaint within twenty-one (21) days of service of the Complaint as required by Fed. R. Civ. P. 12(a)(1)(A). Defendant is, therefore, in default. On July 22, 2022, Wells Fargo filed a Motion for Entry of Default on the Docket Pursuant to Rule 55(a). [Dkt. No. 7]. On July 25, 2022, the Clerk entered default as to the Defendant. [Dkt. No. 8].

## ARGUMENT

### A. Legal Standard

Fed. R. Civ. P. 55 governs the process for obtaining default judgment against a party that fails to timely respond after being served with process. Fed. R. Civ. P. 55. Obtaining default judgment is a two-step process. *Id.* A plaintiff must first request that the Clerk enter default as to the defendant. *Id.* Once the Clerk has entered default, the plaintiff can move for entry of default judgment. *Id.*[2]

"The decision to enter default judgment lies within the sound discretion of the Court." *See Broglie v. MacKay-Smith,* 75 F.R.D. 739, 742 (W.D. Va. 1977). A defaulting defendant admits all well-pleaded allegations of fact in the Complaint. *STL Emirates Logistics, LLC, v.*

---

[2] On July 22, 2022, Wells Fargo filed a Motion for Entry of Default on the Docket Pursuant to Rule 55(a) [Dkt. No. 7] and the Clerk entered default as to Ms. Petrone on July 25, 2022. [Dkt. No. 8]. Thus, the first step in the two-step process for obtaining a default judgment under Fed. R. Civ. P. 55 is complete.

*Tamerlane Global Services, Inc.*, Case No. 2:14-cv-51, 2014 WL 12660119, at *2 (E.D. Va. Dec. 11, 2014). "Accordingly, in the default judgment context, factual allegations in the complaint are deemed admitted and the 'appropriate inquiry is whether or not the face of the pleadings supports the default judgment and causes of action therein.'" *Id*. (quoting *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628 (4th Cir. 1999) (unpublished table decision)).

A defaulting defendant does not admit the allegations in the Complaint as to the amount of damages being claimed. *STL Emirates Logistics, LLC*, 2014 WL 12660119, at *2. Once liability is established, the Court must then determine the appropriate amount of damages to award. *Id*.

Whether a motion for default judgment is evaluated under Rule 55(b)(1) or Rule 55(b)(2) depends on the type of damages sought. When a plaintiff's claim is for a sum certain or a sum that can be made certain by computation, Fed. R. Civ. P. 55(b)(1) requires the Clerk to enter judgment against a defendant who is in default for not appearing. Fed. R. Civ. P. 55(b)(1). Entry of default is proper under Fed. R. Civ. P. 55(b)(1) "when the amount owed is calculable on the face of the documents presented to the Clerk such that no doubt remains as to the amount owed." *United States v. Simon*, Civil Action No. 4:17-cv-27, 2017 WL 6032955, at *1 (E.D. Va. Aug. 14, 2017) (citing *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004)). However, even if a claim is for a sum certain, Rule 55(b)(2) applies when the non-defaulting party requests an award of attorneys' fees. *STL Emirates Logistics, LLC v. Tamerlane Global Services, Inc.*, Case No. 2:14-cv-51, 2014 WL 12662306, at *2 (E.D. Va. Aug. 4, 2014) (finding that a Court must evaluate the reasonableness of the

requested attorneys' fees, even if the defaulting party agreed by contract to pay for attorneys' fees, and the clerk does not have discretion to conduct the reasonableness inquiry).

In evaluating a motion for default judgment under Rule 55(b)(2), the Court may conduct a hearing to determine the amount of damages or to investigate any matter, but is not required to do so, particularly in situations where the amount to which the defendant is indebted to the plaintiff is a sum certain. *United States v. Maull*, Action No. 2:15-cv-33, 2015 WL 8329760, at *2 (E.D. Va. Nov. 17, 2015) (determining that a hearing was not necessary "because Plaintiffs undisputed submissions establish that Defendant is indebted to Plaintiff in" a sum certain); *see also STL Emirates Logistics, LLC*, 2014 WL 12660119, at * 2 (finding that "[t]o assess the extent of a plaintiff's damages, a district court may conduct a formal evidentiary hearing under Rule 55(b)(2), or may determine damages based on affidavits or documents attached to the plaintiff's motion.") (citing *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 508 (4th Cir. 1998)).

### B. The Court Should Enter Default Judgment Against Ms. Petrone for Breach of Contract and Award Compensatory Damages and Costs

There is no question that Defendant is in default, as she failed to timely respond to the Complaint as required by the Federal Rules of Civil Procedure. As a result, Defendant has admitted all of the well-pleaded facts in the Complaint. *STL Emirates Logistics, LLC*, 2014 WL 12660119, at *2. Specifically, Defendant has admitted that her Wells Fargo Checking Account became overdrawn, and that by failing to deposit sufficient funds to cover the Overdraft Loss, Ms. Petrone is in breach of the Account Agreement. Compl. ¶¶ 7-14, 19-21 [Dkt. No. 1]. Accordingly, this Court should enter default judgment against Defendant for breach of contract.

Further, Wells Fargo has incurred damages as a result of Ms. Petrone's breach of contract. Wells Fargo has incurred a principal loss of $128,170.00, plus attorneys' fees and costs

in the amount of $8,245.14.[3]  *See* Affidavit of Anita Parks, attached hereto as **Exhibit 1**; *see also* Declaration of Darcy C. Osta, Esq., attached hereto as **Exhibit 2**.  As Wells Fargo's damages are for a sum certain, the Court need not hold an evidentiary hearing before entering default judgment against Defendant.  *Maull*, 2015 WL 8329760, at *2 (determining that a hearing was not necessary "because Plaintiffs undisputed submissions establish that Defendant is indebted to Plaintiff in" a sum certain); *see also STL Emirates Logistics, LLC, Inc.*, 2014 WL 12660119, at *2 (finding that "to assess the extent of a plaintiff's damages, a district court may conduct a formal evidentiary hearing under Rule 55(b)(2), or may determine damages based on affidavits or documents attached to the plaintiff's motion.")

Additionally, prior to moving for entry of default judgment, Wells Fargo confirmed that Ms. Petrone is not in military service as required by the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*.  *See* Declaration of Darcy C. Osta and the attached Affidavit prepared by the Servicemembers Civil Relief Act Centralized Verification Service, attached hereto as **Exhibit 3**.

Therefore, the Court should enter default judgment against Ms. Petrone and award Wells Fargo compensatory damages in the amount of $128,170.00, plus pre- and post-judgment interest, costs and attorneys' fees.

        **C.**     **The Court Should Award Wells Fargo Its Reasonable Attorneys' Fees and Costs**

Pursuant to the Account Agreement, Wells Fargo is entitled to recover all costs, including attorneys' fees, and expenses incurred due to Ms. Petrone's failure to deposit sufficient funds to cover all debits, withdrawals, overdrafts and service charges by Ms. Petrone and failure to

---

[3] A discussion regarding the reasonableness of the requested attorneys' fees and costs is set forth in Section C, below.

reimburse Wells Fargo for the resulting Overdraft Loss.  *See* Ex. B to the Complaint at  30 [Dkt. No. 1].  Here, Wells Fargo has incurred attorneys' fees in the amount of $8,245.14 and costs in the amount of $522.67 arising from Ms. Petrone's breach of the Account Agreement.  *See* Declaration of Darcy C. Osta, Esq., attached hereto as **Exhibit 2**.  As a result, Wells Fargo seeks an award of its reasonable attorneys' fees and costs.

"The decision to award attorneys' fees, and the extent of those fees, 'rests, of course, within the sound discretion of the trial judge.'"  *Project Vote/Voting for America, Inc. v. Long*, 887 F. Supp. 2d 704, 718 (E.D. Va. 2012) (quoting *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006)).  In evaluating whether a request for attorneys' fees is reasonable, the court must determine the "lodestar figure," by multiplying the number of reasonable hours expended by a reasonable hourly rate.  *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  To determine whether the hours expended or the rates charged are reasonable, the Fourth Circuit has instructed district courts that they may consider the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* at 243-244 (quoting *Barber v. Kimbrell's Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978)).  However, in making a fee determination, a Court need only address the factors that are relevant to determining reasonableness in that particular case.  *Dollar Tree Stores, Inc. v. Norcor Bolingbrook Associates, Inc.*, 699 F. Supp. 2d 766, 768 (E.D. Va. 2009) (finding that a "court need not address in detail every single one of these factors.").

The burden to establish the reasonableness of the hours expended and the hourly rate falls on the fee applicant. Here, Fox Rothschild expended a total of 33 hours, which is equivalent to $8,245.14 in fees. The lodestar of the firm work for this case from February 15, 2022 through September 9, 2022, is as follows:

| **Attorney** | **Years Experience** | **Discounted Hourly Rate**[4] | **Hours** | **Fees** |
|---|---|---|---|---|
| Darcy Osta | 14 | $268.80 | 23.8 | $6,397.44 |
| Seth Burack | 13 | $259.80 | 1.9 | $493.62 |
| Amy Rubin | 37 | $408 | 0.2 | $81.76 |
| | | | | |
| **Paralegal** | **Years Experience** | **Discounted Hourly Rate** | **Hours** | **Fees** |
| Elaine Patterson Wimer | 43 | $179.20 | 7.1 | $1,272.32 |
| **TOTAL** | | | 33 | **$8,245.14** |

As evidenced by the invoices and time entries prepared in the case, it was reasonable for Fox Rothschild to expend a total of 33 hours in its an attempt to collect the loss caused by Defendant and obtain a judgment against Defendant. *See* Exhibit 2. Specifically, Fox Rothschild attorneys and paralegals performed valuable services, including reviewing and analyzing all relevant bank records and communications; investigation of Defendant; preparing pre-suit demand correspondence; drafting, filing and serving the Complaint herein; drafting a status report, motion for default judgment pursuant to Fed. R. Civ. P. 55(a), and motion for entry of default judgment pursuant to Fed. R. Civ. P. 55(b); legal research and analysis to support the

---

[4] Fox Rothschild's agreement with Wells Fargo provides that Wells Fargo will pay Fox Rothschild for services rendered at a discounted rate. I currently charge the rate of $515.00 per hour, but agreed to charge Wells Fargo the discounted rate of $268.80 per hour (an approximate 48% discount). Mr. Burack currently charges a rate of $530.00 per hour, but agreed to charge Wells Fargo the discounted rate of $259.80 (an approximate 51% discount). Ms. Rubin currently charges a rate of $745.00 per hour, but agreed to charge Wells Fargo the discounted rate of $408.00 per hour (an approximate 46% discount). Elaine Patterson Wimer currently charges the rate of $320.00 per hour, but agreed to charge Wells Fargo the discounted rate of $179.20 per hour (an approximate 44% discount). Mr. Burack, Ms. Rubin, Ms. Wimer and I have performed all of the work on this matter to date.

afore-listed filings; and correspondence with Wells Fargo regarding all of the above-referenced tasks and other related issues; and comprehensive litigation strategy. *See* copies of all relevant invoices and time entries attached as Composite Exhibit B to the Declaration of Darcy C. Osta (Ex. 2). Moreover, even though there are several attorneys involved, the billing records attached as Composite Exhibit B to the Declaration of Darcy C. Osta, Esq., make clear that there was no duplication of efforts or redundant time entries. *Id.* Wells Fargo, therefore, submits that the time expended by its attorneys in connection with this litigation was reasonable and necessary.

Furthermore, Fox Rothschild's hourly rates are reasonable and in accordance with the prevailing market rate. *STL Emirates Logistics, LLC*, 2014 WL 12660119, at *6 (noting that the fee applicant has the burden to establish the applicable prevailing market rate as the starting point for analyzing the reasonableness of requested hourly rate) (citing *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010). The lead attorney on the case, Darcy C. Osta, is a Virginia attorney with over 14 years of experience, and regularly practices within the Eastern District of Virginia. *See* Ex. 2. Thus, her discounted hourly rate of $268.80 is an example of the prevailing market rate for the type of work performed in this case. *Id.*

Second, the rates charged by Fox Rothschild, $259.80 to $408 for partners and $179.20 for paralegals, are consistent with rates approved by the Eastern District of Virginia for cases litigated in the Norfolk Division. *See*, *e.g.*, *Project Vote/Voting for America*, 887 F. Supp. 2d at 713; *STL Emirates Logistics, LLC*, 2014 WL 12660119, at *6-8.[5] For example, the *Project Vote/Voting for America* Court found that the following hourly rates were reasonable:

---

[5] A fee applicant meets its burden of establishing the reasonableness of the fees charged by submitting affidavits or declarations from its attorneys and "'producing satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.'" *STL Emirates Logistics, LLC*, 2014 WL 12660119, at *6 (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008)).

| Timekeeper | Experience | Approved Hourly Rate |
|---|---|---|
| Partner | 18 years (partner for 2 years) | $300 |
| Attorney | 29 years | $400 |
| Counsel | 34 years | $400 |
| Associate | 10 years | $300 |
| Paralegal | | $100 |

*Project Vote/Voting for America, Inc.*, 887 F. Supp. 2d at 713.

In *STL Emirates Logistics, LLC*, the Court found that $400 could be a reasonable rate in a breach of contract case based on the attorney's background and experience. 2014 WL 12660119, at *7. The Court also noted that the rate of $250 per hour for a partner is "at the lower end of the spectrum of hourly rates for a partner in this jurisdiction." *Id.*[6] Here, the attorneys and paralegals who have billed time on this matter each have over ten (10) years of experience and regularly handle commercial litigation matters such as the instant breach of contract case. *See* Exhibit 2; *see also* Firm Bios included in Exhibit A to the Declaration of Darcy C. Osta (Ex. 2).[7]

Given the background and experience of the Fox Rothschild attorneys assigned to this case, the detailed billing records evidencing the work expended by each attorney and paralegal, and the rates charged are consistent with rates approved by the Eastern District of Virginia for

---

[6] The Court ultimately reduced the rate to $225 due to the lack of information regarding the attorney's qualifications. *STL Emirates Logistics, LLC*, 2014 WL 12660119, at *7.

[7] Amy Rubin, a partner at Fox Rothschild who has a longstanding relationship with Wells Fargo, has over thirty-five (35) years of experience.

cases litigated in the Norfolk Division.  Wells Fargo respectfully requests that this Court award it reasonable attorneys fees' in the amount of $9,230.74[8] and costs in the amount of $522.67.

## CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that the Clerk enter default judgment against Defendant Lisa Petrone in the amount of $128,170, plus costs in the amount of $522.67, reasonable attorneys' fees in the amount of $9,230.74, prejudgment interest at the rate of 6% per annum until the date judgment is entered, and post-judgment interest at a rate of 6% per annum on any unpaid judgment amount until the judgment is satisfied in full, and for such other and further relief as this Court deems just and proper.

Dated: September 9, 2022                                           Respectfully submitted,

                                                                   WELLS FARGO BANK, N.A.


                                                                   /s/ Darcy C. Osta
                                                                   Darcy C. Osta, Esq. (VSB No. 76608)
                                                                   Fox Rothschild LLP
                                                                   2020 K Street, N.W., Suite 500
                                                                   Washington, D.C. 20006
                                                                   Phone: (202) 461-3100
                                                                   Fax: (202) 461-3102
                                                                   dosta@foxrothschild.com

                                                                   *Counsel for Plaintiff Wells Fargo Bank, N.A.*

---

[8] As set forth in the Declaration of Darcy C. Osta (Exhibit 2), Fox Rothschild anticipates at least (5) future hours of work prior to his matter being closed.  Four of those hours will be billed at the paralegal rate of $179.20 (to finalize and file the Motion for Entry of Default Judgment Pursuant to Rule 55(b)(2)), and one hour to be billed at my discounted hourly rate of $268.80, for a total of $985.60 in anticipated attorney's fees.  These anticipated fees have been added to the fees already incurred.

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on September 9, 2022, a copy of the foregoing was served by first class mail, postage prepaid, on Defendant Lisa Petrone, 205 34th Street, Apt. 916, Virginia Beach, Virginia 23451.

                 _/s/ Darcy C. Osta_
                 Darcy C. Osta, Esq.