

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WELLS FARGO BANK, N.A.,

        Plaintiff,

                                            Civil No. 2:22cv164

v.

LISA PETRONE,

        Defendant.

## MEMORANDUM ORDER

This matter is before the Court on an unopposed Motion for Default Judgment filed pursuant to Rule 55 of the Federal Rules of Civil Procedure by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") against Defendant Lisa Petrone ("Defendant"). After review of the motion, and for the reasons set forth below, Plaintiff's motion is **GRANTED.**

### I. FACTUAL AND PROCEDURAL HISTORY

As alleged in the Complaint, on or about December 23, 2020, Defendant deposited a check in the amount of $147,000 into her checking account with Wells Fargo. ECF No. 1. In a series of subsequent transactions, Defendant proceeded to withdraw, transfer, or otherwise use most of the funds. Id. at 2. The following day, the $147,000 check that Defendant deposited was returned unpaid by SunTrust Bank, resulting in Defendant's checking account becoming overdrawn in the amount of $128,170,

inclusive of all fees and credits to the account. Id. at 2-3. Despite several demands from Plaintiff, Defendant has yet to reimburse Plaintiff for the corresponding overdraft loss. Id.

Plaintiff and Defendant are parties to a standard "Deposit Account Agreement" (the "Agreement") governing use of Plaintiff's services. ECF No. 1-2. Such Agreement states that if a customer has overdrawn their account, they "must promptly make a deposit or transfer to return [their] account to a positive balance." Id. at 34. Failure to do so results in the closure of the customer's account, and the customer is responsible for reimbursement of costs and expenses (including attorneys' fees) that the bank incurs. Id.

On April 21, 2022, Plaintiff filed a complaint against Defendant alleging: (1) that she materially breached the terms of the Agreement, and alternatively (2) that she unjustly enriched herself at Plaintiff's expense. ECF No. 1. Defendant was properly served a copy of the complaint, ECF No. 5, but she failed to file an answer within 21 days of service. On July 25, 2022, the Clerk of this Court entered default as to Defendant, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 8. Plaintiff now brings the instant motion seeking entry of default judgment, recovery of $128,170 plus interest, reasonable attorneys' fees, and costs. ECF No. 9.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that entry of default is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After securing entry of default, a plaintiff may then move for entry of default judgment. Fed. R. Civ. P. 55(b). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citation omitted).

When a defendant defaults, he or she "admits the plaintiff's well-pleaded allegations of fact." Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). To present well-pleaded allegations of fact, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)). Accordingly, in resolving a motion seeking default judgment, this Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in th[e] action." Ryan, 253 F.3d at 780 (citation omitted).

Although well-pleaded factual allegations must be accepted as true, a party in default does not admit allegations as to the amount of damages. See Fed. R. Civ. P. 8(b)(6) ("An allegation-other than one relating to the amount of damages-is admitted if a responsive pleading is required and the allegation is not denied."). For this reason, after a district court concludes that liability is established in the default judgment context, it must then independently calculate damages. To assess the extent of a plaintiff's damages, a district court may conduct an evidentiary hearing under Rule 55(b)(2), but it "need not do so . . . if the damages can be ascertained based on detailed affidavits or documents attached to the plaintiff's motion." Anderson & Strudwick, Inc. v. IBD-Placement & Recruiting Services, LLC, No. 3:11cv818, 2012 WL 1656504, at *4 (E.D. Va. May 10, 2012) (citing Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998)).

### III. DISCUSSION

#### A. Jurisdiction and Venue

As a preliminary matter, the Court finds that jurisdiction and venue are proper. The Court clearly has subject matter jurisdiction because there is complete diversity and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; ECF No. 1, at 1. Personal jurisdiction exists because Defendant is a resident and citizen of the Commonwealth of Virginia. See Goodyear Dunlop

Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); ECF No. 1, at 1. Venue is appropriate because Defendant resides in the Eastern District of Virginia and a substantial part of the events that gave rise to the cause of action occurred in this District. See 28 U.S.C. § 1391(b); ECF No. 1, at 2.

### B. Adequacy of Allegations

#### 1. Breach of Contract

Under Virginia law, a party must establish the following elements to prove a breach of contract claim: "(1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612 (2004).

A review of Plaintiff's complaint for factual sufficiency reveals first, that Plaintiff alleges the existence of a valid, enforceable contract (the Agreement) that governs Defendant's use of Plaintiff's services. ECF No. 1, at 3. Plaintiff has provided a copy of the Agreement and has incorporated it into the Complaint. ECF No. 1-2. Second, as part of the Agreement, Defendant is required to deposit and maintain sufficient funds in her checking account to cover any overdrafts and service charges, and Defendant failed to do so when the check at issue was returned unpaid, thus

breaching the Agreement. ECF No. 1, at 4. Third, Plaintiff alleges that because of Defendant's failure, it suffered a principal loss in the amount of $128,170. Id.

Accordingly, Plaintiff has alleged sufficient facts to satisfy all elements of a valid breach of contract claim under Virginia law. Because Defendant has failed to respond, and the allegations are sufficient, the Court finds that default judgment as to liability is appropriate, and it **GRANTS** Plaintiff's motion for default judgment as to its breach of contract claim.

### 2. Unjust Enrichment

In its complaint, Plaintiff also alleges unjust enrichment as an alternative to its breach of contract claim. ECF No. 1, at 4. However, under Virginia law, it is well settled that a plaintiff cannot recover under a theory of unjust enrichment where the parties have an express contract that covers the matter at issue. See Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp., 961 F.2d 489, 491 (4th Cir. 1992) (citation omitted). In light of the Court's ruling on the breach of contract claim, the Court finds it unnecessary to address the alternative claim of unjust enrichment.

### C. Damages and Interest, Attorneys' Fees, and Costs

### 1. Damages and Interest

As discussed above, the Court must independently calculate damages after granting default judgment. Considering the

straight-forward nature of this suit, and in light of the documents provided by Plaintiff in support of its motion, an evidentiary hearing is not necessary, as the Court is able to determine damages based on the record before it. The proffered evidence shows that Defendant deposited a $147,000 check into her checking account, ECF No. 9-1, at 6, and she proceeded to expend most of the funds. An affidavit of Anita Parks, who is a Fraud and Claims Operations Consultant for Wells Fargo, states that such check returned unpaid by SunTrust Bank, resulting in Defendant's checking account becoming overdrawn in the amount of $128,170, inclusive of all fees and credits to the account. Id. at 3. Parks also states under oath that Defendant has yet to repay this amount, and that naturally, Plaintiff has suffered a corresponding loss due to the overdraft. Id. Therefore, the Court assesses damages in this case to be $128,170.

As to Plaintiff's request for pre-judgment interest, in Virginia, whether to award such interest is left to the "sound discretion of the trial judge," Thousand Oaks Barrel, Co. v. Freedom Oak Barrels, No. 1:21cv848, 2022 WL 4378689, at *2 (E.D. Va. Sept. 22, 2022), and generally, such "interest is not allowed on unliquidated damages." Id. (quoting Advanced Marine Enter., Inc., et al., v. PRC Inc., 256 Va. 106, 126 (1998)). Because the damages being awarded here are based on a calculation of loss suffered by Plaintiff, and are not proactively contemplated by the

7

Agreement, the damages are unliquidated, and the Court exercises its discretion to deny pre-judgment interest on such damages.

### 2. Attorneys' Fees

Plaintiff also seeks recovery of attorneys' fees for services provided by the law firm Fox Rothschild, who is counsel of record. Although civil litigants generally must pay their own attorneys' fees, an award of such fees is appropriate in this case because Plaintiff had an enforceable contract with Defendant that expressly requires Defendant to reimburse Plaintiff for "the costs and expenses (including attorney's fees and expenses) that [Plaintiff] incur[s]." ECF No. 1-2, at 34. However, even though Plaintiff's request for attorneys' fees and costs is valid and uncontested, "the Court is nevertheless obligated to review the fee award request independently for reasonableness." Kennedy v. A Touch of Patience Shared Hous., Inc., 779 F. Supp. 2d 516, 525 (E.D. Va. 2011).

The Court's review of the reasonableness of a request for attorneys' fees necessarily begins with the determination of the "lodestar figure," which is calculated "by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar figure is "[t]he most useful starting point for determining the amount of a reasonable fee," because it

8

"provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). When determining the "reasonable" number of hours and rate, the following factors should guide the Court's exercise of discretion:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Robinson, 560 F.3d at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)). However, "the court need not address in detail every single one of these factors." Dollar Tree Stores, Inc. v. Norcor Bolingbrook Assocs., LLC, 699 F. Supp. 2d 766, 768 (E.D. Va. 2009). In addition to these factors, "the court must exclude any hours that are 'excessive, redundant, or otherwise unnecessary,' as such hours are not reasonably expended on the litigation." Project Vote/Voting for Am., Inc. v. Long, 887 F. Supp. 2d 704, 709 (E.D. Va. 2012) (quoting Hensley, 461 U.S. at 434). Finally, the fee applicant must keep records in "sufficient detail that a neutral judge can make a fair evaluation

9

of the time expended, the nature and need for the service, and the reasonable fees to be allowed." Hensley, 461 U.S. at 441 (Burger, C.J., concurring).

### a. Hourly Billing Rates and Number of Hours

Plaintiff, as the fee applicant, has the burden of proving that the hourly rates and number of hours billed are reasonable. Hensley, 461 U.S. at 437. Tasks that are described in a generic manner through "vague and insufficient" billing descriptions do not support an award of attorneys' fees. Pinpoint IT Servs., LLC v. Atlas IT Exp. Corp., No. 2:10cv516, 2012 WL 4475334, at *6-7 (E.D. Va. Sept. 27, 2012). If the fee applicant does not sustain its burden, "the district court may reduce the award accordingly." Hensley, 461 U.S. at 433.

After careful review of Fox Rothchild's billing records, the Court finds that the hourly rates and amount of time spent on this matter are sufficiently reasonable due to: (1) the discounted hourly rate at which both the relevant attorneys and paralegal billed, with counsel's rates falling well below previous rates this Court has approved for comparatively experienced attorneys; and (2) the detailed time entries by counsel evidencing their work spent on tasks including, but not limited to: filing pleadings and subsequent motions, researching case law, preparing affidavits, and corresponding with the client.

### b. Future Work

While the Court finds the requested fee award for work performed to be reasonable, the Court declines to apply Plaintiff's calculation regarding future work that may occur after the Court's entry of default judgment against Defendant. Such a determination would require the Court to engage in a speculative analysis as to how much future work <u>might</u> be performed, which strays from the objective and concrete bases that the calculation of the lodestar figure rests on. Accordingly, the Court awards Plaintiff $8,245.14 in attorneys' fees for past work performed in this case.

### 3. Costs

Plaintiff also seeks an award for costs and expenses. Plaintiff has provided the Court with receipts of $402.00 for filing fees, $102.40 for service of process fees, and $18.27 for shipping fees. Such expenses total $522.67. Based on the uncontested evidence documenting the expenses incurred in this action, and the Agreement provision expressly addressing such expenses, the Court awards Plaintiff $522.67 in costs.

### IV. CONCLUSION

For the above-stated reasons, Plaintiff's motion for default judgment is **GRANTED** as to its breach of contract claim.

The Clerk is **DIRECTED** to enter default judgment in favor of Plaintiff in the principal amount of $128,170 plus post-judgment interest pursuant to, and at the interest rate provided by, 28

11

U.S.C. § 1961. Plaintiff's request for reasonable attorney's fees and costs is **GRANTED,** and the Court **ORDERS** Defendant to pay Plaintiff $8,245.14 in attorneys' fees, and $522.67 in costs.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to counsel for Plaintiff and to Defendant at her last known address.

**IT IS SO ORDERED.**

/s/ ⟨signature⟩
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 14, 2022

12